UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARRIE LUKE                                                                                            PLAINTIFF

v.                                                                          CIVIL NO. 3:13-cv-704-DPJ-FKB

TRANSWOOD LOGISTICS INC.
and ALBERT HARRIS                                                                         DEFENDANTS

ORDER

This negligence action is before the Court on Defendants' 12(b)(3) Motion to Dismiss or, in the Alternative, Motion to Transfer [4]. Plaintiff Carrie Luke opposed the motion, and Defendants declined rebuttal. Because venue in this division is proper and the proposed venue is not clearly more convenient, Defendants' motion is denied.

I.   Background

This case arises from an October 12, 2011 traffic accident in Marion County, Mississippi. Plaintiff Carrie Luke was a passenger in a pick-up truck that made contact with a tractor-trailer driven by Defendant Albert Harris. Luke was an inmate being transported by an employee of the Marion County Sheriff's Office. According to Luke, Transwood Logistics owns the tractor-trailer that Harris was driving.

Luke filed suit in the Southern District of Mississippi, Northern Division, alleging negligence. Defendants filed the instant motion asking the Court to dismiss the case for improper venue or transfer the case to the Eastern Division, where the accident occurred.

1

II.     Analysis

    A.     Proper Venue Under § 1391

Defendants suggest that Luke filed in the wrong venue and they are entitled to dismissal under Rule 12(b)(3), but the argument receives only passing reference.  Venue is proper under 28 U.S.C. § 1391(b)(2) if the case is "brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated . . . ."  The statute only speaks to judicial "districts" and not to "divisions."  *See, e.g.*, *Timberlake v. Synthes Spine Co., L.P.*, CIV.A. V-08-4, 2008 WL 1836676, at *2  (S.D. Tex. Apr. 23, 2008).  Defendants never argue that this district is an improper venue and in fact seek to keep the case within the Southern District.  Defendants therefore are not entitled to a dismissal for improper venue.

    B.     Venue Transfer

Defendants' motion seems to seek transfer on two separate grounds.[1]  First, they cite *Johnson v. Lewis*, 645 F. Supp. 2d 578 (N.D. Miss. 2009), and ask the Court to "exercise its discretion and transfer this case."  Defs.' Mem. [4-1] at 3–4.  In that case, the Northern District discussed the discretion its district courts had to try a case in a division different than the one in which the case was filed, based on the number of federal courthouses and the duty stations of judges.  *Johnson*, 645 F. Supp. 2d at 580–83.  Defendants readily admit that the Southern District is different than the Northern District in this regard, and fail to show that the cited case has any

---

[1] Defendants also cite 28 U.S.C. § 1406, under which the Court shall transfer "a case laying venue in the wrong division . . . if it be in the interest of justice."  But Defendants do not make any argument based on this section.  They have not shown that the Northern Division is the wrong division or that the interest of justice requires a transfer to the Eastern Division.

relevance to the issue at hand or why this Court should exercise its discretion to transfer this case on grounds other than the normal factors for venue transfer. Defendants do mention portions of the case discussing the desire to avoid the perception of forum-shopping. *See* Defs.' Mem. [4-1] at 3. Then later, they assert that "there is great disparity in verdicts rendered by juries in Jackson as opposed to verdicts in Hattiesburg, creating an opportunity for litigants in the Southern District to forum shop." *Id.* at 9. But they do not cite any evidence, anecdotal or otherwise, to support this bald assertion.

Defendants also argue that the Eastern Division is a more convenient forum necessitating transfer. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "He who seeks the transfer must show good cause." *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 315 (5th Cir. 2008) (citation omitted).

> To show good cause means that the moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.

*Id.* (quoting 28 U.S.C. § 1404(a)). The crucial showing is that the desired venue is "clearly more convenient." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). The trial court may exercise its sound discretion when deciding whether to transfer venue. *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008). That decision "turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). Thus, the factors are weighed, not counted. *In re Radmax*, 720 F.3d at 290 n.8.

1.	Private-Interest Factors

The first group of factors accounts for the parties' interests and includes "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance of willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Action Indus.*, 358 F.3d at 340 n.8 (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 831 (5th Cir. 1986)).

Defendants' memorandum directly addresses only the two factors regarding witnesses. First, Defendants identify two witnesses, George Bass and Darren Smith, who reside in Marion County and "numerous first responders" who are local to that area. They also point to two witnesses, CiCi Broad and Jennifer Gutierrez, who reside within 100 miles of the Eastern Division courthouse but more than 100 miles from the Northern Division courthouse.[2] Defendants opine that the "credibility of the witnesses is going to be a critical factor in assessing liability" and "the physical presence of as many live witnesses as can be legally available will be crucial to their defense at trial." Defs.' Mem. [4-1] at 10.

In response, Luke identifies three potential witnesses located in Rankin County, one in Warren County, and other unidentified health-care providers in Rankin and Hinds Counties, all of which are closer to Jackson, Mississippi, and within this Court's subpoena power. *See* Fed. R.

---

[2] Broad lives in Angie, Louisiana, and Gutierrez resides in Vancleave, Mississippi. Defendants' memorandum actually says that they live "more than [100] miles from the Eastern Division courthouse." Defs.' Mem. [4-1] at 8. But the Court assumes this is a mistake as that would undermine their point and is factually incorrect.

Civ. P. 45(c)(1)(A). The driver of the pick-up truck, Rhonda Watts, now resides in Wisconsin, which is obviously beyond the subpoena power of either Court.

The factor considering cost of attendance of willing witnesses is neutral as several witnesses live closer to the Eastern Division and several witnesses live closer to the Northern Division. The availability-of-compulsory-process factor only slightly favors transfer. Witnesses Gutierrez and Broad—in addition to Watts who is outside the subpoena power of either division—will be outside the Northern Division's subpoena power. But Defendants describe Broad as only a "*possible* additional witness who *may* have observed the subject accident." Defs.' Mem [4-1] at 8 (emphasis added). And they fail to explain why the credibility of these neutral, third-party witnesses is such a critical factor that their live testimony is crucial. Finally, the witnesses identified as living in Marion County could be within one hundred miles of this Court as parts of that county fall within the reach of the Court's subpoena power. Defendants have not shown that these witnesses are beyond that radius. In sum, only one private-interest factor favors transfer, and only slightly.

2. Public-Interest Factors

The second set of factors accounts for the public's interest in the trial's location. These are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or] the application of foreign law." *Volkswagen II*, 545 F.3d at 315 (citation omitted). The only factor discussed is the local interest in having the controversy decided in the Eastern Division. Defendants merely touch on the issue by stating in a conclusory manner that though Luke

"cannot present a claim against the Marion County Board of Supervisors, . . . there would still be a local interest in having this issue determined in the home division of Marion County." Defs.' Mem. [4-1] at 8.  But they fail to identify what that local interest is and how it demonstrates that the Eastern Division is clearly more convenient.

III.     Conclusion

Defendants have not shown that venue is improper.  And while this case presents a close call as to the transfer issue, Defendants have not met their burden to show that the Eastern Division is clearly more convenient than the Northern Division.  Their motion [4] is denied, and this case will remain in the Northern Division.

**SO ORDERED AND ADJUDGED** this the 28th day of April, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE